FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 07 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINE HOFFNER,<br>KENDRA HAMMOND,<br>JONATHAN GARNER,<br>KYLE WALTERS,<br>and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL DATA<br>RESOURCES, INC.<br>and its affiliated companies,<br><br>Defendants. | Civil Action No. 1:12-CV-0772-RLV<br><br>COLLECTIVE ACTION COMPLAINT<br>for violations of the Fair Labor<br>Standards Act of 1938, as amended |

## COLLECTIVE ACTION COMPLAINT

**COME NOW,** the Plaintiffs Christine Hoffner ("Hoffner"), Kendra Hammond ("Hammond") Jonathon Garner ("Garner") Kyle Walters ("Walters") (or collectively hereinafter "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against the Defendant Internal Data Resources, Inc. (hereinafter "IDR" or Defendants") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), and in support thereof would further state as follows:

## I.  INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, et seq., as amended (hereinafter "the Act"), and specifically the collective action provision of the Act found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived the Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful overtime wages.

2. Other current and former employees of Defendants are also entitled to receive overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to the action must provide "his consent in writing to become such a party," and such consent must be filed with this Court, 29 U.S.C. § 216(b).

3. This action brought to recover unpaid overtime compensation owed to the Plaintiffs and all current and former employees of Defendant who are similarly situated to the Plaintiffs, pursuant to the FLSA. The Plaintiffs and the collective group similarly situated are or have been employed by Defendants, working as recruiters in Defendant's business of information technology staffing in the form of

direct permanent placement and temporary contract placement with business locations in Atlanta, Georgia; Dallas, Texas; Nashville, Tennessee; and Washington D.C.

4. For at least three years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of the FLSA by failing to compensate employees at an overtime rate for hours worked in excess of 40 hours in a given workweek and willfully concealed its widespread violations of the FLSA.

5. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant maintains their principal places of business within this District.

## III. PARTIES

8. Plaintiff CHRISTINE HOFFNER resides in Hickory, North Carolina and is a citizen of the United States. Hoffner was employed by the Defendant as a recruiter in the Atlanta office and regularly worked within this District.

9. Plaintiff KENDRA HAMMOND resides in Atlanta, Georgia and is a citizen of the United States. Hammond was employed by the Defendant as a recruiter in the Atlanta office and regularly worked within this District.

10. Plaintiff JONATHAN GARNER resides in Atlanta, Georgia and is a citizen of the United States. Garner was employed by the Defendant as a recruiter in the Atlanta office and regularly worked within this District.

12. Plaintiff KYLE WALTERS resides in Atlanta, Georgia and is a citizen of the United States. Walters was employed by the Defendant as a recruiter in the Atlanta office and regularly worked within this District.

13. At all times material to this action, Plaintiffs and all members of the collective action were all "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by § 206 and § 207 of the FLSA for the period in which they were employed by the Defendant.

14. Defendant IDR is a corporation based in Georgia, which conducts business within this State and District and maintains its principal place of business at 7000 Peachtree Dunwoody Road, Building 14, Suite 100, Atlanta, Georgia 30328. At all times herein set forth, IDR was in the business of information technology staffing in the form of direct permanent placement and temporary contract placement with business locations in Atlanta, Georgia, Dallas, Texas, Nashville, Tennessee, and Washington D.C.

15. IDR maintains either actual or constructive control, oversight and direction over the operations of its recruiting services, including the employment and practices of those operations.

16. IDR and its affiliated companies are subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its/their registered agent, Eric N. French, 7000 Peachtree Dunwoody Road, Building 14, Suite 100, Atlanta, Georgia 30328.

17. Upon information and belief, IDR owned and/or operated offices located in Atlanta, Georgia, Dallas, Texas, Nashville, Tennessee, and Washington D.C. Each of these affiliated companies or locations employs recruiters and other similarly situated employees. IDR maintains either active or constructive control, oversight and direction over all of the affiliated IDR operations and over the employment and pay practices of these operations.

18. At all times material to this action, IDR and their affiliated companies or operations were in the business engaged in commerce as defined by § 203( b)(1) of the FLSA.

19. At all times material to this action, IDR was an "employer" of the named Plaintiffs and/or others similarly situated, as defined by § 203(d) of the FLSA.

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## IV.  VIOLATIONS OF THE FSLA

21. During the period of time material to this action, Defendant employed Plaintiffs Hoffner, Hammond, Garner, Walters, and other similarly situated employees as recruiters.

22. Plaintiffs were employed as recruiters responsible for identifying candidates for direct placement and temporary contract placement with businesses and clients of IDR.

23. Each Plaintiff was hired individually by IDR and received a base salary of $32,000.00 annually, plus an agreement to be paid some commission based upon productivity. None of the Plaintiffs, or those similarly situated, ever earned or were paid commissions that on a monthly basis exceeded their base salary.[1]

---

[1] In most cases, IDR refused to pay commissions due the Plaintiffs and all others similarly situated.

24. Plaintiffs and other similarly situated employees worked more than 40 hours per week every week that they were an employee of the Defendant performing the required job functions as a recruiter. In addition, Plaintiffs and other similarly situated employees were required to participate in company mandated activities such as (i) individual and group exercise programs, and (ii) maintaining and submitting written reports called the "Balance Chart" mandated by IDR so that Plaintiffs and other similarly situated employees could conform to the "IDR Culture" and so that IDR could monitor the personal and private aspects Plaintiffs and other similarly situated employees. The "Balance Chart" required Plaintiff's and other similarly situated employees to disclose to IDR management the following personal and private matters to Defendants:

(i) "Aerobic Exercise" requiring Plaintiff's to record and disclose to IDR the mandated personal and group training sessions with the company personal trainer, and

(ii) "Nutrition & Supplementation" requiring Plaintiff's to record and disclose to Defendant Plaintiff's daily food and vitamin consumption. Through this requirement, IDR specifically monitored Plaintiff's and other similarly situated employees daily food and vitamin consumption and prohibited the consumption of dairy, cheese, yogurt,

foods containing gluten, and further forbid Plaintiffs and other similarly situated employees from eating after 8:30 pm, and

(iii) "Cleansing" requiring Plaintiff's to record and disclose to Defendant Plaintiff's daily bowel movements, and

(iv) "Energize", requiring Plaintiff's to record and disclose to Defendant Plaintiffs daily sleep, meditation, reading and affirming patterns.

25. During the period of their employment, Plaintiff's always worked more than 40 hours per week, not including other company mandated activities.

## V. SCOPE OF DEFENDANT'S LIABILITY

26. There are numerous similarly situated current and former employees of IDR who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all current and former employees of Defendants and all affiliated entities in other states should be notified, who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of a Court-supervised notice, have been considered recruiters.

## VI.

## COUNT ONE

### (Fair Labor Standards Act: 29 U.S.C.A. §§ 201, et seq.)

27. The Plaintiffs repeat and incorporate by reference paragraphs 1-26 herein.

28. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

29. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay overtime compensation to current and former employees, including Christine Hoffner, Kendra Hammond, Jonathon Garner, Kyle Walters, and other similarly situated employees in accordance with § 207 of the FLSA.

30. As a result of Defendant's violations of the FLSA, named Plaintiffs Christine Hoffner, Kendra Hammond, Jonathon Garner, Kyle Walters, and other similarly situated employees, have suffered damages by failing to receive overtime wages in accordance with § 207 of the FLSA.

31. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs Christine Hoffner, Kendra Hammond, Jonathon Garner, Kyle Walters, and other similarly situated current and

former employees. In fact, Defendant has willfully, intentionally and knowingly failed to comply with the FLSA.

32. As a result of the violations of the FLSA by the Defendant, named Plaintiffs Christine Hoffner, Kendra Hammond, Jonathon Garner, Kyle Walters, and all current and former employees similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## XII. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That, at the earliest possible time, they be allowed to give notice of this action or that the court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notices, been employed by Defendants as recruiters for any IDR operation within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by

Defendant time and a half for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years; and

B.   That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated Damages; and

C.   That all Plaintiffs be awarded prejudgment interest; and

D.   That all Plaintiffs be awarded reasonable attorneys' fees; and

E.   That all Plaintiffs be awarded for costs and expenses of this action; and

F.   That all Plaintiffs be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

## DEMAND FOR TRIAL BY JURY

Come now the Plaintiffs, Christine Hoffner, Kendra Hammond, Jonathon Garner, Kyle Walters, by counsel, and request a trial by jury on all issues deemed so triable.

Respectfully submitted this 6th day of March, 2012.

HOOPER LAW PARTNERS, LLC

By: *[signature]*

GARY D. HOOPER
Georgia Bar No: 411072
Alabama Bar No. ASB-9145-P78G
District of Columbia Bar No.: 471168

**HOOPER LAW PARTNERS, LLC**
1950 North Park Place
Atlanta, Georgia 30339
Telephone: (404) 975-4551
Facsimile: (770) 956-1002
ghooper@hooperlawpartners.com

R. STEPHEN GRIFFIS P.C.

By: *[signature]*

R. STEPHEN GRIFFIS *(pro hac vice pending)*
Alabama Bar No. ASB-4694-I61R
*(Signed with express permission)*

**R. STEPHEN GRIFFIS, P.C.**
2100 Riverhaven Drive, Suite 1
Hoover, Alabama 35244
Telephone: (205) 402-7476 (ext 6)
Fax No. (205) 402-7292
rsglaw@bellsouth.net

*Attorneys for Plaintiffs and all other similarly situated persons.*